**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JOHN P. THOMAS,                                )
                                               )
                    Plaintiff,                 )
                                               )
        v.                                     )        Civil Action No.  23-0004 (UNA)
                                               )
EXPERIAN,                                      )
                                               )
                    Defendant.                 )

**MEMORANDUM OPINION**

This matter, filed *pro se*, is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint.  The application will be granted, and for the reasons discussed below, the complaint will be dismissed without prejudice.

A *pro se* litigant's pleadings are held to less stringent standards than would be applied to formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  Further, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (quoting *Twombly*, 550 U.S. at 556).

As drafted, plaintiff's complaint runs afoul of Rule 8.  First, the identity of the defendant is unclear: in the caption, the defendant is Experian, and in the body of the complaint the defendant is Equifax.  *See* Compl. at 1.  Second, only in the vaguest terms does plaintiff allege "violations of the United States Code 1681b(2)," Compl. at 1, which presumably is a reference to the Fair Credit Reporting Act.  To allege that a defendant "furnish[ed] 31 alleged accounts on [his] consumer report without . . . written instructions," Compl. at 1 (emphasis removed), fails to put the proper defendant on notice of when and how it ran afoul of the Fair Credit Reporting Act or how defendant's alleged violations of the Act harmed plaintiff.  An Order is issued separately.

DATE: January 19, 2023                         /s/
                                               CHRISTOPHER R. COOPER
                                               United States District Judge